UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ARISTIDEZ G.R.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX, et al.<br><br>Respondents. | No. 1:26-cv-06612-TLN-CSK<br><br>A# 240-394-790<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Alberto Aristidez G.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2] (ECF No. 1.) Respondents filed an opposition. (ECF No. 6.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] The Court liberally construes Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who entered the United States in 2007 without admission. (ECF No. 1 at 4.) For the last two decades, Petitioner has lived in Florida, working and raising a family. (*Id.* at 1.) He is a father to two young children. (*Id.* at 5.) Petitioner is not subject to an order of removal, and he has no criminal convictions. (ECF No. 1 at 2; ECF No. 6-4.)

On June 10, 2026,[3] while waiting for a ride to work, Petitioner was arrested by immigration officers in Florida without notice. (ECF No. 1 at 1.) Petitioner is now detained at the Central Valley Annex detention center. (*Id.* at 2.) He has been detained for over 11 weeks without any custody hearing. (*Id.* at 7.) Additionally, Petitioner states he has not received any initial custody determination. (*Id.*) Indeed, the record is devoid of an initial custody determination, despite this Court's instruction to Respondents to provide such documents. (ECF No. 4.) Petitioner challenges the lawfulness of his civil detention. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

[3] Petitioner's Form I-213 states the immigration operation that led to his detention was conducted on June 6, 2026. (ECF No. 6-1.) However, the parties appear to agree that Petitioner was detained on June 10, 2026, the date shown on his paperwork. (ECF Nos. 1, 6.)

## III. ANALYSIS

Petitioner claims his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment Due Process Clause. (ECF No. 1 at 9–11.) The parties agree that, under Ninth Circuit precedent, Petitioner is detained under § 1226(a). (ECF No. 1 at 9; ECF No. 6 at 1 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026)).) However, Respondents note Petitioner was initially detained under 8 U.S.C. § 1225(b)(2)(A) and maintains, despite precedent, that § 1225(b)(2) governs detention. (ECF No. 6 at 1.)

As to Petitioner's statutory claim, the Ninth Circuit has rejected Respondents' application of 8 U.S.C. § 1225(b)(2) to persons like Petitioner. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3. Indeed, Respondents concede this point. (ECF No. 6 at 1.)

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Respondents have not provided Petitioner the initial custody determination owed to Petitioner under the statute, nor have they provided him a custody determination hearing. Therefore, Respondents have violated 8 U.S.C. § 1226(a) and Petitioner's detention is unlawful.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his nearly two decades living in this country prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that

interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not provided Petitioner any hearing as to his detention, either pre- or post-deprivation. Therefore, Respondents violated the Fifth Amendment in Petitioner's detention.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Alberto Aristidez G.R. (**A# 240-394-790**) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide him a copy of this Order. Respondents must file **a notice of compliance** with this Order **by August 31, 2026.**

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government shows by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. The Clerk of Court is directed to serve this Order on **Central Valley Annex**.

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

//

IT IS SO ORDERED.

DATE: August 26, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE